# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MCKINLEY RUSSELL, #01530-016 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-13-380 |
| TIMOTHY STEWART, Warden | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Charles McKinley Russell, Jr., ("Russell"), an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging a parole violation warrant lodged as a detainer against him. Respondent, by his counsel, requests dismissal of the Petition as moot because the United States Parole Commission ("USPC") has withdrawn the parole violation warrant. (ECF Nos. 3, 5, and Respondent's Exhibit 5). Russell filed an opposition to dismissal. (ECF No. 6). Upon review of the papers, exhibits, and applicable case law, the court deems a hearing unnecessary, *see* Local Rule 105.6 (D. Md. 2011), and shall dismiss the Petition as moot.

## BACKGROUND

Russell is currently serving a 292 month sentence to be followed by 10 years of supervised release as a result of his conviction in criminal case number DKC-98-0483 (D. Md.). On March 15, 1999, the D.C. Parole Board issued an arrest warrant for Russell for violating the conditions of his parole. (Respondent's Exhibit 9). The warrant was lodged as a detainer on August 17, 1999. (Respondent's Exhibit 10, p. 3).

On August 2, 2000, Russell's outstanding District of Columbia parole detainer was transferred to the jurisdiction of the United States Parole Commission ("USPC") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.[1] (Respondent's Exhibit 11). On January 22, 2004, the USPC supplemented the D.C. Parole Board's warrant with information underlying Russell's new conviction and directed the warden at FCI-Cumberland to append the supplement to the D.C. Parole Board's detainer warrant. (Respondent's Exhibits 12 and 13). Russell's expected date of release from his federal sentence is January 18, 2020. (Respondent's Exhibit 10, p. 2).

On February 4, 2013, Russell filed this Petition asking the court to "[i]ssue a writ of habeas corpus, or writ of mandamus, directing [United States] Parole Commission to conduct dispositional review and render decision without delay." (ECF No. 1, p. 8). Respondent filed a Show Cause Order Response and Motion to Dismiss or for Summary Judgment on April 15, 2013, requesting dismissal of the Petition as moot because the USPC was in the process of conducting a disposition review of the subject detainer. (ECF No. 3). On May 1, 2013, Respondent filed a Supplemental Show Cause Response indicating that the USPC had completed dispositional review and withdrew the parole violation warrant on April 30, 2013. (ECF No. 5 and Exhibit). A copy of the USPC Notice of Action which shows the warrant was withdrawn was filed with the Supplemental Show Cause Response. *See id.*

On May 5, 2013, Russell filed an opposition in which he argued the relief he was seeking was review and withdrawal of the detainer; thus, dispositional review alone did not moot the Petition. (ECF No. 6). Russell's opposition was dated and signed on April 30, 2013 (ECF No. 6, p. 6), and appears to have been filed before Russell received notice that the detainer had been

---

[1] *See* Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-131 (formerly 24-1231).

withdrawn, and directed at Respondent's Show Cause Response as initially filed, not as supplemented.

## DISCUSSION

'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.' " *Simmons v. United Mortgage. & Loan Inv*estment, LLC, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). A case is moot " 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Id*. A case can become moot due to a change in factual circumstances or in the law. *Id*. " 'Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id*. (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). In this case, Russell has received the relief he sought in his petition: dispositional review by the USPC and withdrawal of the detainer. As such, his claims are moot and dismissal of the Petition is appropriate.

As a final matter, this court finds Russell has not made the requisite "substantial showing of the denial of a constitutional right" for a Certificate of Appealability should he seek one from this court. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Petition will be dismissed as moot and a Certificate of Appealability shall not issue. A separate Order follows.

Date: __May 8, 2013__  /s/
DEBORAH K. CHASANOW
United States District Judge